1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| KATHLEEN S., | Case No.: 19-CV-651 JLS (RNB) |
| Plaintiff, | |
| v. | **ORDER: (1) ADOPTING REPORT AND RECOMMENDATION, (2) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, (3) DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT, (4) REVERSING THE DECISION OF THE COMMISIONER, AND (5) REMANDING ACTION TO THE COMMISSIONER FOR FURTHER ADMINISTRATIVE ACTION** |
| ANDREW SAUL, Commissioner of Social Security, | |
| Defendant. | |

(ECF Nos. 12, 13, 16)

Presently before the Court are Plaintiff Kathleen S.'s Motion for Summary Judgment ("Pl.'s Mot.," ECF No. 12) and a Cross-Motion for Summary Judgment filed by Defendant Andrew Saul, Commissioner of Social Security ("Def.'s Mot.," ECF No. 13). Magistrate Judge Robert N. Block has issued a Report and Recommendation ("R&R," ECF No. 16) recommending that the Court grant Plaintiff's Motion, deny Defendant's Motion, reverse the decision of the Commissioner, and remand this case for further administrative proceedings. Having reviewed the Parties' arguments, Magistrate Judge Block's R&R,

and the underlying Administrative Record, the Court **ADOPTS** Magistrate Judge Block's R&R in its entirety, **GRANTS** Plaintiff's Motion, **DENIES** Defendant's Motion, **REVERSES** the decision of the Commissioner, and **REMANDS** this matter for further administrative action.

## BACKGROUND

Magistrate Judge Block's R&R contains a thorough and accurate recitation of the factual and procedural histories underlying the instant Motions. *See* R&R at 2–4. This Order incorporates by reference the background as set forth therein.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's report and recommendation. The district court must "make a de novo determination of those portion of the report to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). In the absence of timely objection, however, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

## ANALYSIS

In this present case, neither Party has filed objections to Magistrate Judge Block's R&R. *See* R&R at 24 (ordering that any objections be filed within fourteen days of service with the R&R). Having reviewed the R&R, the Court finds that it is thorough, well-reasoned, and contains no clear error.

/ / /

2

In this matter, the Administrative Law Judge ("ALJ") determined that Plaintiff had several severe impairments, including chronic obstructive pulmonary disease, hearing loss, residuals of a fractured right foot with cysts, hypertension, a cyst on her liver, and obesity. *Id.* at 3 (citing Administrative Record ("AR") at 20).  The ALJ also found that Plaintiff had several nonsevere impairments, including hypothyroidism, hyperlipidemia, and Bell's palsy.  *Id.* at 3 (citing AR 20).  He then determined that Plaintiff had the residual functional capacity ("RFC") to perform light work and that a hypothetical person with her vocational profile and RFC would able to perform her past relevant work as a waitress.  *Id.* at 3–4 (citing AR 24, 27–28).  He concluded that Plaintiff was not disabled through the date last insured.  *Id.* at 4 (citing AR 28).

In reaching these conclusions, the ALJ failed to consider the mild limitations caused by Plaintiff's mental impairments in connection with her RFC and past relevant work.  *Id.* at 15–16.  Despite finding Plaintiff's mild mental limitations credible himself, the ALJ only considered these limitations in connection with his finding of severity.  *Id.* at 14–15.  Magistrate Judge Block finds that the ALJ erred and that the error was not harmless because the Court cannot conclude what the disability determination would have been given proper consideration of Plaintiff's mild mental limitations.  *See id.* at 16.

The ALJ also failed to categorize Plaintiff's right arm lymphedema as a medically determinable impairment.  *Id.* at 17.  Plaintiff's treatment notes reflect a finding of mild lymphedema, *id.* at 17 (citing AR 502), and Plaintiff testified at the administrative hearing about functional limitations caused by her lymphedema.  *Id.* (citing AR 61–63, 67–68).  The ALJ's decision, however, did not reflect any consideration of the lymphedema or the related functional limitations in connection with his RFC determination.  *Id.* (citing AR 24–27).  Magistrate Judge Block therefore finds that the ALJ erred by failing to consider whether Plaintiff had any functional limitations due to lymphedema and that this error was not harmless.  *Id.* at 17.

Magistrate Judge Block further concludes that the ALJ should have developed the record further with respect to Plaintiff's obesity. *Id.* at 17.  Specifically, the ALJ did not

have any medical evidence before him regarding Plaintiff's work-related limitations caused by her obesity, *id.* at 18; the medical expert ("ME") at the administrative hearing acknowledged that Plaintiff would have postural limitations because of her obesity, but did not specify what those limitations would be, *id.* (citing AR 50); and the ALJ did not follow up with Plaintiff's doctors or the ME regarding these limitations. *Id.* Magistrate Judge Block finds that the ALJ's failure to follow up on Plaintiff's work-related limitations due to her obesity violated the ALJ's duty to "fully and fairly develop the record" and resulted in an RFC determination that was not supported by substantial evidence. *Id.*

Finally, Magistrate Judge Block finds that the ALJ should have developed the record further regarding Plaintiff's hearing loss. *Id.* at 20. Specifically, the ALJ did not have medical evidence regarding whether Plaintiff had work-related limitations due to her hearing loss, *id.* at 22; the ME was unable to interpret the audiograms of record, rendering his testimony unreliable, *id.*; the ALJ did not mention Plaintiff's mental-status examinations in his discussion of her hearing impairment, *id.* (citing AR 25); and the record evidenced only limited treatment of Plaintiff's hearing. *Id.* Magistrate Judge Block thus finds the ALJ failed to fully and fairly develop the record with respect to Plaintiff's hearing loss, resulting in a decision that is unsupported by substantial evidence. *Id.* at 23.

The Court finds no clear error in Judge Block's findings and recommendations. Further, the Court agrees that remanding for further administrative proceedings is appropriate because additional proceedings could remedy the defects in the ALJ's decision and enhance the administrative record. *Id.* at 24.

## CONCLUSION

In light of the foregoing, the Court: (1) **ADOPTS** in its entirety Magistrate Judge Block's Report and Recommendation (ECF No. 16), (2) **GRANTS** Plaintiff's Motion for Summary Judgment (ECF No. 12), (3) **DENIES** Defendant's Cross-Motion for Summary Judgment (ECF No. 13), (4) **REVERSES** the decision of the Commissioner, and (5) **REMANDS** the case to the Commissioner for further administrative action consistent

/ / /

4

with this Order and Magistrate Judge Block's Report and Recommendation.  Because this Order concludes the litigation in this matter, the Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated:  June 2, 2020

Hon. Janis L. Sammartino
United States District Judge

19-CV-651 JLS (RNB)